UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Jones, | ) C/A No. 1:11-3110-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) |
| South Carolina Attorney General;<br>Judge Doyet Early;<br>Lab Corp;<br>Dr. George MAHA, | )<br>)<br>) Report and Recommendation<br>) |
| Defendants. | ) |

Plaintiff, Kevin Jones, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Judge. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*,

---

[1] Plaintiff clearly invokes jurisdiction under 42 U.S.C. § 1983. ECF No. 1, page 1. Plaintiff makes no reference to diversity jurisdiction, nor does he allege an amount in controversy exceeding "the sum or value of $75,000," as required by 28 U.S.C. § 1332(a).

1

490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

The Complaint alleges that Plaintiff is the "brother/cousin of James Joseph Jones AKA Brown known as the God Father of soul music." ECF No. 1, page 1. Plaintiff indicates that he came forward to defend Mr. Brown, "because he is deceased and can not defend his self." *Id.* Mr. Brown's last "will & trust" were allegedly rewritten "against his wishes by the South Carolina Attorney General's Office and Judge Doyet Early." *Id.* Plaintiff states that he "came forward" to take "a DNA test." *Id.* However, Plaintiff claims that it "was ordered not to release my brother/cousin DNA." *Id.* Plaintiff alleges other problems associated with the DNA testing to include "fraudulent results by Lab Corp" and "falsified business records" by Dr. George Maha. *Id.* Plaintiff further alleges that "South Carolina Attorneys General & Judge Early have civil rights issues regarding African Americans in the State of South Carolina." *Id.* Plaintiff believes he was misled "by the South Carolina State Attorney General Office & Judge Early." *Id.* Plaintiff does not clearly indicate the type of relief sought.

Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The instant Complaint alleges constitutional violations by the South Carolina Attorney General, a State Circuit Court Judge, a private company, and a physician.

As an initial matter, Defendant Judge Doyet Early is protected from suit under § 1983 by judicial immunity. In South Carolina, Circuit Court Judges are part of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1. As such, Circuit Court judges have absolute immunity from a claim arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). The instant Complaint alleges civil rights violations resulting from judicial decisions

3

made by Defendant Early in a state court action. As Defendant Early is absolutely immune from a claim, brought pursuant to § 1983, arising from his judicial actions, this Defendant is entitled to summary dismissal from the instant case.[2]

Plaintiff also sues the South Carolina Attorney General. However, prosecutors are absolutely immune, from a claim for monetary damages under § 1983, for "acts undertaken . . . in preparing for initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also Burns v. Reed*, 500 U.S. 478 (1991); *Nivens v. Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Plaintiff names Defendant South Carolina Attorney General for actions taken as representative of the State in litigation over James Brown's estate. Therefore, Defendant South Carolina Attorney General is protected by prosecutorial immunity from any claim for damages Plaintiff may be asserting.

Plaintiff makes no request for any other type of relief in the Complaint, however, the case would be subject to summary dismissal as to Defendant South Carolina Attorney General in any event. Plaintiff claims that he was misled and treated unfavorably by the South Carolina Attorney General, but provides no facts to support these bare allegations. Although the Court must liberally construe the *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir.

---

[2] Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. It is noted that Plaintiff fails to allege that either of these prerequisites for injunctive relief were met.

1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion..."). While a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). As the instant Complaint fails to state a cognizable § 1983 claim against the South Carolina Attorney General, any request for injunctive or declaratory relief against this Defendant would also be subject to dismissal. Therefore, Defendant South Carolina Attorney General is entitled to summary dismissal from this case.

Finally, Plaintiff names a private company, Lab Corp, and a physician, Dr. George Maha. Both Defendants are named for actions associated with the testing of Plaintiff's DNA sample. Plaintiff provides no factual allegations to demonstrate state action by either of these Defendants, and purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Therefore, Plaintiff's claims against Defendants Lab Corp and Dr. George Maha should also be summarily dismissed.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the Complaint in the above-captioned case without prejudice. Plaintiff's attention is directed to the important notice on the next page.

December 9, 2011  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).